UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
MARIA NAVARRO CARRILO and JOSE GARZON, as Parents and Natural Guardians of M.G., and MARIA NAVARRO CARRILO and JOSE GARZON, Individually,

          20-CV- \_\_\_\_

        Plaintiffs,

          **COMPLAINT**

   -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

        Defendant.
-----------------------------------------------------------------------x

Plaintiffs MARIA NAVARRO CARRILO and JOSE GARZON ("Parents"), the parents and natural guardians of M.G., in the above-captioned case, as and for their Complaint, allege as follows:

## JURISDICTION AND VENUE

1. The instant case arises under a federal statute, the Individuals with Disabilities Education Act, 20 U.S.C. §1400, et seq. ("IDEA"), and the regulations of the United States Department of Education, which were promulgated pursuant to authority granted by the statute (34 C.F.R. Part 300).

2. This Court has subject matter jurisdiction of this matter under 28 U.S.C. §1331, in that claims arise under federal law (IDEA), 28 U.S.C. §1343(a), in that the claims herein arise under laws providing for the protection of civil rights, and under 20 U.S.C §1415(j).

3. To the extent, if any, that this case involves questions of special education rights under New York State law, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367.

4. Pursuant to 28 U.S.C. §1391(b), venue is properly placed within the Eastern District of New York in that defendant NEW YORK CITY DEPARTMENT OF EDUCATION ("DOE") maintains a business office in Kings County.

5. Plaintiffs are entitled to costs and attorneys' fees under 42 U.S.C. §1988(b) and 20 U.S.C. §1415(i), if determined to be a prevailing party.

## FACTUAL ALLEGATIONS

6. Plaintiffs MARIA NAVARRO CARRILO and JOSE GARZON ("Parents") are M.G.'s parents.

7. M.G., a minor, is a resident of New York City and classified as a student with a disability. As such, DOE is obligated to provide her with a Free Appropriate Public Education ("FAPE") pursuant to IDEA. Accordingly, the DOE must provide M.G. with an appropriate educational placement, set forth in an Individualized Education Program ("IEP"), for every school year.

8. M.G. is a 12-year-old girl who suffers from a brain injury caused by a history of seizures. As a result of her brain injury, she has global developmental impairments. These impairments adversely affect her educational abilities and performance. M.G. is non-verbal and non-ambulatory, has highly intensive management needs, and requires a high degree of individualized attention, instruction, and intervention.

9. M.G. was a student at the International Academy of Hope ("iHOPE") during the 2017-2018 school year. During that school year, M.G. received all of her academic and related services at iHOPE. She had an extended school day and was part of a twelve (12)-month academic program. M.G. attended a 6:1:1 class and also had the services of a 1:1 paraprofessional during the school day. She received special education related services (Physical Therapy, Occupational Therapy, Vision Education, Speech & Language

      Therapy, and Assistive Technology Services), as well as assistive technology devices and special transportation services that consisted of a 1:1 transportation paraprofessional, a wheel chair accessible vehicle with air conditioning and limited travel time of no more than 90 minutes

10. During the 2017-2018 school year, Parents asserted that DOE had not offered M.G. a FAPE and commenced an administrative due process proceeding by filing a due process complaint ("DPC") against the DOE.

11. By decision dated April 27, 2018 (IHO Case No. 170968), Impartial Hearing Officer Suzanne M. Carter ("IHO Carter"), who was appointed by the DOE pursuant to the N.Y.S. Education Department's rules and procedures, issued a Findings of Fact and Decision ("FOFD").  This FOFD found that M.G's educational program and placement at iHOPE was appropriate and ordered the DOE to fund M.G.'s educational program at iHOPE for the 2017-2018 school year.

12. On June 21, 2018, Parents advised DOE, through a statutory "ten-day notice," of their intent to enroll M.G. in the International Institute for the Brain ("iBRAIN") for the 2018-2019 school year and to seek public funding for M.G.'s education at iBRAIN.

13. By letter dated July 9, 2018, Parents brought a DPC against the DOE alleging, among other things, that the DOE did not provide M.G. with a FAPE for the 2018-2019 school year and requesting as relief, among other things, a "stay-put" or Order on Pendency ("OP").  Such relief would require the DOE to fund M.G.'s placement at iBRAIN during the pendency of the due process proceeding, as required by 20 U.S.C. § 1415(j).

14. On July 9, 2018, M.G. started attending iBRAIN. She received all of her academic and related services at iBRAIN. M.G. had an extended school day and was part of a twelve

(12)-month academic program. M.G. attended a 6:1:1 class and also had the services of a 1:1 paraprofessional during the school day. She received special education related services (Physical Therapy, Occupational Therapy, Vision Education, Speech & Language Therapy, and Assistive Technology Services), as well as assistive technology devices and special transportation services that consisted of a 1:1 transportation paraprofessional, a wheel chair accessible vehicle with air conditioning, and limited travel time of no more than 90 minutes.

15. The Parents' DPC in IHO Case No. 175159, involving the 2018-2019 school year, proceeded to a hearing on pendency. Like the previous year's case, IHO Carter was again appointed by the DOE, pursuant to the N.Y.S. Education Department's rules and procedures, to hear the case. The purpose of the pendency hearing was to determine, identify, and maintain M.G.'s pendency placement until such time that the Parents' administrative complaint was fully resolved.

16. By decision dated March 5, 2019, IHO Carter issued an Interim Order of Pendency ("IOP"). In the IOP, IHO Carter denied Parent's request for pendency at iBRAIN. The IHO erred in finding that the educational program M.G. received at iBRAIN for the 2018-2019 school year was not substantially similar to the educational program M.G. received at iHOPE for the 2017-2018 school year. The IHO also erred, as matter of law, in failing to grant M.G. pendency at iBRAIN based on an alternative theory of operative placement in recognition of M.G.'s entitlement to pendency.

17. The above administrative case is the subject of a civil action, concerning pendency for the 2018-2019 school year only, in federal court in the Southern District of New York under Case No. 19-CV-2944 (CM) (S.D.N.Y.) ("SDNY Case").

18. On June 13, 2019, Chief Judge Colleen McMahon issued an Opinion and Order, vacating and reversing IHO Carter's March 5, 2019 order, and granting M.G. pendency at iBRAIN for the 2018-2019 school year. (SDNY Case, ECF No. 19) ("June 13th Order").

19. The DOE subsequently appealed the June 13th Order to the Second Circuit Court of Appeals. (2d Cir. Case No. 19-1813).

20. Following the appeal of the June 13th Order, Chief Judge McMahon stayed the pendency order pending the outcome of the Second Circuit appeal. (SDNY Case, ECF No. 23).

21. Plaintiffs have appealed from this Stay Order to the Second Circuit Court of Appeals. (2d. Cir. Case No. 19-2426).

22. IHO Carter issued an FOFD in IHO Case No. 175159, involving the 2018-2019 school year, which remains ongoing through appellate proceedings.

23. By letter dated June 21, 2019, Parents advised DOE, through a statutory "ten-day notice," of their intent to re-enroll M.G. in iBRAIN for the 2019-2020 school year and to seek public funding for M.G.'s education at iBRAIN.

24. M.G. is continuing her education at iBRAIN for the 2019-2020 school year. For the 2019-2020 school year, she receives all of her academic and related services at iBRAIN. She has an extended school day and is part of a twelve (12)-month academic program. M.G. attends a 6:1:1 class and also has the services of a 1:1 paraprofessional during the school day. She receives special education related services (Physical Therapy, Occupational Therapy, Vision Education, Speech & Language Therapy, and Assistive Technology Services), as well as assistive technology devices and special transportation services that consisted of a 1:1 transportation paraprofessional, a wheel chair accessible vehicle with air conditioning and limited travel time of no more than 90 minutes.

25. By letter dated July 8, 2019, Parents brought a DPC against DOE in IHO Case No. 185252 alleging, among other things, that the DOE did not provide M.G. with a FAPE for the 2019-2020 school year, and requesting as relief, among other things, a "stay-put" or pendency order. Such relief would require the DOE to fund M.G.'s placement at iBRAIN during the pendency of the due process proceeding, as required by 20 U.S.C. §1415(j). The IDEA's stay-put provision, 20 U.S.C. §1415(j), provides, among other things, that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the Parents otherwise agree, the child shall remain in the then-current educational placement of such child." See 20 U.S.C. §1415(j); 34 C.F.R. 300.518(a); N.Y. Educ. L. §4404(a).

26. The 2019-2020 school year matter in IHO Case No. 185252 is currently assigned to IHO John Farago and is continuing. The primary issue therein is whether DOE offered a FAPE to M.G. for the 2019-2020 school year.

27. On March 25, 2020, IHO Farago issued an Order on Pendency ("OP"), finding that M.G.'s pendency placement for the 2019-2020 school year is at iBRAIN and awarding Parents funding for all pendency services, including tuition and transportation costs, pending the completed adjudication of the ongoing due process proceeding in IHO Case No. 185252.

28. On March 27, 2020, Parents provided all necessary documentation to DOE for it to be able to immediately implement IHO Farago's OP.

29. On March 31, 2020, DOE informed Parents that it refuses to implement the OP pending its appeal thereof, which, to date, it has not served.

30. To date, DOE not only has failed to implement the OP, but also has failed to offer or provide M.G. with any alternative pendency program or services.

31. To date, DOE has not sought a stay of the OP from IHO Farago, the New York State Education Department's Office of State Review ("SRO"), or any other federal or state court of competent jurisdiction.

32. Accordingly, absent judicial intervention herein, M.G. will be without a pendency placement in violation of the IDEA's "stay put" provision, as IHOs such as IHO Farago lack the power to enforce the administrative orders that they issue. See 20 U.S.C. §1415(j).

33. Because pendency has the effect of an automatic injunction, Parents need not meet the traditional requirements for injunctive relief, such as likelihood of success on the merits, irreparable harm, or a balancing of the hardships. However, in the event that the Court finds that Parents are required to meet such traditional requirements, Plaintiffs do, in fact, meet such requirements.

34. The purpose of pendency is to provide stability and consistency in the education of a student with a disability, and to strip schools of the unilateral authority they had traditionally employed to exclude disabled students from school.

## CAUSES OF ACTION

35. The DOE's failure to implement IHO Farago's OP or to otherwise provide M.G. a pendency placement for the 2019-2020 school year has deprived M.G. of her right to pendency under the "stay put" provision (20 U.S.C. §1415(j)) of the IDEA, and the regulations promulgated thereunder, and thus deprives M.G. of her rights secured by federal law in violation of 42 U.S.C. §1983.

36. DOE has violated M.G.'s rights under New York Education Law §§ 4404 and 4410, and 20 U.S.C. § 1415(j), as they relate to pendency.

## **RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

a.  Issue a Preliminary Injunction:

   i. Ordering equitable relief and damages as a result of the failure and/or delay by DOE in providing M.G. with a pendency placement for the 2019-2020 school year as alleged herein; and

b.  Enter a judgment:

   i. Ordering equitable relief and damages as a result of the failure and/or delay in providing M.G. with a pendency placement for the 2019-2020 school year, as alleged herein; and

   ii. Declaring that the DOE violated M.G.'s rights as set forth herein; and

c.  Award to Plaintiffs their costs and attorneys' fees; and

d.  Grant such other and further relief as this Court deems just and proper.

Dated: April 1, 2020

Respectfully submitted,

/s/ Peter G. Albert
Peter G. Albert, Esq.
Brain Injury Rights Group
Attorneys for Plaintiffs
300 East 95th Street, Suite 130
New York, NY 10128
(646) 850-5035