UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Navarro Carrillo and Jose Garzon, individually and as parents and natural guardians of M.G., <br><br> Plaintiffs, <br><br> — against — <br><br> New York City Department of Education, <br><br> Defendant. | **20-cv-1657 (ARR) (RLM)** <br><br> **Not for print or electronic publication** <br><br> **Opinion & Order** |

ROSS, United States District Judge:

The plaintiffs are the parents of M.G., a disabled child with individualized educational needs. The defendant is the New York City Department of Education ("DOE"). The plaintiffs seek a preliminary injunction ordering the DOE to comply with an administrative determination that a particular school is the child's pendency placement for the 2019-20 school year under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(j). The DOE moves to change venue to the United States District Court for the Southern District of New York. For the reasons set forth below, the defendant's motion to change venue is denied, the plaintiffs' motion for an order to show cause for a preliminary injunction is denied, and the complaint is dismissed.

As an initial matter, I deny the DOE's motion to change venue. *See* Mot. to Change Venue, ECF No. 18. The DOE has not argued that venue is improper in this district, and I can presently resolve all outstanding issues in this case. Because the instant opinion completely disposes of this case, I see no reason why transferring venue would promote "the convenience of parties and witnesses" or "the interest of justice." 28 U.S.C. § 1404(a).

Familiarity with the full factual and procedural history of this case is presumed. In relevant

part, Chief Judge Colleen McMahon of the United States District Court for the Southern District of New York granted a preliminary injunction ordering the DOE to fund M.G.'s pendency placement at the International Institute for the Brain ("iBRAIN") for the 2018-19 school year, until a final decision issued in the pending due process proceeding that the plaintiffs had filed. *See* Mem. Decision & Order 39, No. 19-cv-2944 ("*Navarro Carrillo I*")[1] (S.D.N.Y. June 13, 2019), ECF No. 19. The DOE appealed the order granting the preliminary injunction, and Chief Judge McMahon stayed her order pending the appeal. *See* Order, *Navarro Carrillo I* (S.D.N.Y. June 26, 2019), ECF No. 29. On May 18, 2020, the Second Circuit vacated the order granting the preliminary injunction and remanded to the Southern District with instructions to dismiss the complaint for failure to state a claim upon which relief can be granted. *See* Op. of USCA 38, *Navarro Carrillo I* (2d Cir. May 18, 2020), ECF No. 35 ("2d Cir. Op.").

In the case before me now, the plaintiffs allege that on March 25, 2020, an Impartial Hearing Officer ("IHO") issued an order finding that iBRAIN was M.G.'s pendency placement for the 2019-20 school year and awarding the plaintiffs funding for that placement. *See* Compl. ¶ 27, ECF No. 1; Ashanti Decl. ¶ 23, ECF No. 12. The DOE has not implemented that order— without having sought a stay—because it has appealed or plans to appeal it administratively. *See* Compl. ¶¶ 29, 31; Ashanti Decl. ¶¶ 25, 27. The DOE has also failed to offer M.G. an alternative pendency placement. *See* Compl. ¶¶ 30, 35; Ashanti Decl. ¶ 26. The plaintiffs seek a preliminary injunction that would require the DOE to implement the IHO's decision and immediately fund M.G.'s pendency placement at iBRAIN for the 2019-20 school year. *See* Mot. for Order to Show

---

[1] I refer to the plaintiffs by Maria Navarro Carrillo's proper last name as the United States Court of Appeals for the Second Circuit identified. *See* Op. of USCA 7–8 n.3–4, *Navarro Carrillo I* (2d Cir. May 18, 2020), ECF No. 35 (opinion of Second Circuit as filed on S.D.N.Y.'s *Navarro Carrillo I* docket on remand).

Cause for Prelim. Inj., ECF No. 11; Pls.' Mem. of Law in Supp. of Order to Show Cause for Prelim. Inj. 1, ECF No. 13.

In fact, the IHO's March 25, 2020 order found that:

> the baseline for pendency for this student lies in [Chief Judge McMahon's preliminary injunction] and continues until that matter is finally resolved or the parties agree otherwise, whichever comes first. Should the matter resolve by virtue of a final judicial determination (or for that matter should there be an agreement between the parties), pendency in this matter will have to be revisited to determine the impact of that final determination or agreement on the student's pendency baseline.

IHO's Order on Pendency 2, Ashanti Decl. Ex. O, ECF No. 12-15. Chief Judge McMahon's preliminary injunction has now been vacated. Thus, according to the IHO's decision, M.G.'s pendency placement will now need to be "revisited." As such, it would be premature for me to issue a preliminary injunction ordering the DOE to implement the IHO's March 25 decision, when that decision itself must now be reconsidered. Therefore, I deny the plaintiffs' motion for an order to show cause for a preliminary injunction.

In addition, I dismiss the plaintiffs' complaint for failure to state a claim. The Second Circuit's May 18, 2020 opinion mandates this result. The Second Circuit held, in relevant part:

> The stay-put provision of the IDEA, which was enacted to limit a school district's broad authority to determine or modify a child's educational program without the parent's consent, does not eliminate the school district's authority to determine how, and where, a student's agreed-upon educational program is to be provided at public expense during the pendency of a parental challenge to the student's individualized education program ("IEP") dispute.
>
> [] The fact that the City retains authority to determine how and where the Students' most-recently-agreed-upon educational program is to be provided during the pendency of the Students' IEP disputes does not mean that the Parents may exercise similar authority. The Parents are not entitled to receive public funding under the stay-put provision for a new school on the basis of its purported substantial similarity to the last agreed-upon placement.
>
> [] Accordingly, regardless of whether iBRAIN provided the Students' last agreed-upon educational program in a manner substantially similar to iHOPE, when the

3

>    Parents unilaterally enrolled the Students at iBRAIN, the Parents did so at their own financial risk.

2d Cir. Op. 37–38. Thus, when the plaintiffs in this case enrolled M.G. at iBRAIN, they did so at their own financial risk. The IDEA's stay-put provision, 20 U.S.C. § 1415(j), is not a vehicle by which they may seek public funding for their unilateral decision.[2] Therefore, the plaintiffs have failed to state a claim upon which relief can be granted.[3]

Thus, the DOE's motion to change venue is denied, the plaintiffs' motion for an order to show cause for a preliminary injunction is denied, and the complaint is dismissed. The Clerk of Court is directed to enter judgment accordingly and close the case.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:      May 19, 2020
            Brooklyn, New York

---

[2] To the extent that the plaintiffs raise a separate allegation based on the DOE's failure to provide M.G. with an "alternative" pendency placement, *see* Compl. ¶¶ 30, 35, this claim is inextricable from that alleging failure to comply with the IHO's order. Now that the IHO's order must be revisited, presumably a new administrative determination will identify any "alternative" placement that the DOE might fund.

[3] The plaintiffs also assert a cause of action under the New York Education Law. *See* Compl. ¶ 36. Absent the federal claim brought pursuant to the IDEA, I lack subject matter jurisdiction to adjudicate the state-law claims. *See* 28 U.S.C. §§ 1331, 1367; Compl. ¶¶ 1–3.