UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Navarro Carrillo and Jose Garzon, individually and as parents and natural guardians of M.G., <br><br> Plaintiffs, <br><br> — against — <br><br> New York City Department of Education, <br><br> Defendant. | **20-cv-1657 (ARR) (RLM)** <br><br><br> **Not for print or electronic publication** <br><br><br> **Opinion & Order** |

ROSS, United States District Judge:

The plaintiffs, Maria Navarro Carrillo and Jose Garzon, individually and as parents and natural guardians of M.G., move for reconsideration of my May 19, 2020 order, with respect to which judgment entered on May 29, 2020. That order denied defendant New York City Department of Education's ("DOE's") motion to change venue, denied the plaintiffs' motion for an order to show cause for a preliminary injunction, and dismissed the complaint. The defendant opposes. For the reasons set forth below, the motion for reconsideration is denied.

## BACKGROUND

The factual and procedural history of this case is briefly set forth in my May 19, 2020 Opinion and Order, and familiarity is otherwise presumed. *See* Opinion & Order 1–3, ECF No. 24 ("May 19 Decision"). The plaintiffs now move, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, for reconsideration of that order. Pls.' Mem. of Law in Supp. of Mot. for Recons. 2, ECF No. 27 ("Pls.' Br.")[1]; *see* Fed. R. Civ. P. 59(e); Local Civ. R. 6.3. The plaintiffs

---

[1] For clarity, citations to pages within the plaintiffs' brief refer to the page numbers as indicated by the ECF header.

argue that I premised my May 19 Decision on the Second Circuit having vacated Chief Judge McMahon's preliminary injunction order in *Navarro Carrillo v. N.Y.C. Dep't of Educ.*, Mem. Decision & Order, No. 19-cv-2944 (S.D.N.Y. June 13, 2019), ECF No. 19 ("*Navarro Carrillo I*"); *see* Pls.' Br. 2–3 (citing *Ventura de Paulino v. N.Y.C. Dep't of Educ.*, 959 F.3d 519 (2d Cir. 2020), which the Second Circuit considered together with the appeal from Chief Judge McMahon's preliminary injunction order in *Navarro Carrillo I*). However, the plaintiffs argue, Chief Judge McMahon's preliminary injunction order was not vacated because the Second Circuit's mandate has not issued yet, as the plaintiffs moved for rehearing or, in the alternative, rehearing *en banc*. *See* Pls.' Br. 3, 5. Thus, according to the plaintiffs, the Second Circuit's decision "is not a controlling precedent[.]" *Id.* at 3. Rather, the plaintiffs argue, "unless and until [their] petition for panel rehearing [or rehearing] en banc . . . has been denied *and thereafter*, a mandate . . . vacating [Chief Judge McMahon's] Preliminary Injunction Order has been issued, there is no legal basis upon which to conclude that the [Second Circuit's decision] controls and/or that the Preliminary Injunction Order is no longer a proper baseline for M.G.'s pendency placement and enforcement of the IHO's pendency order."[2] *Id.* at 6. Accordingly, the plaintiffs contend that they are entitled to the preliminary injunction that they sought before me, which would have required the DOE to immediately implement the IHO's pendency order and fund M.G.'s pendency placement at iBRAIN. *See id.* at 6–7. Alternatively, the plaintiffs argue that "even if the [Second Circuit's decision] had become binding upon its issuance on May 18, 2020," they would still be entitled to

---

[2] "IHO" stands for "Impartial Hearing Officer." The IHO's March 25, 2020 "pendency order" found that "the baseline for pendency for [M.G.] lies in [Chief Judge McMahon's preliminary injunction] and continues until that matter is finally resolved . . . . Should the matter resolve by virtue of a final judicial determination . . ., pendency in this matter will have to be revisited to determine the impact of that final determination . . . on the student's pendency baseline." IHO's Order on Pendency 2, Ashanti Decl. Ex. O, ECF No. 12-15.

2

a preliminary injunction ordering the DOE to fund M.G.'s education at iBRAIN through May 17, 2020. *Id.* at 7.

As an initial matter, I note that two developments have ensued since the plaintiffs filed the instant motion. First, the Second Circuit has denied the plaintiffs' petitions for rehearing or, in the alternative, rehearing *en banc*, in *Navarro Carrillo I* and *Ventura de Paulino*. *See* Order, *Navarro Carrillo I*, No. 19-1813 (2d Cir. July 2, 2020), ECF No. 145; Order, *Ventura de Paulino*, No. 19-1662 (2d Cir. June 22, 2020), ECF No. 167. The mandate issued in *Ventura de Paulino*, though the appellant in that case moved to recall it. *See* J. Mandate, *Ventura de Paulino*, ECF No. 169-1; Mot. for Recall and Stay of Mandate, *Ventura de Paulino*, ECF No. 172. The mandate has not yet issued in *Navarro Carrillo I*, and the plaintiffs here have moved to stay it while they petition for a writ of certiorari in the Supreme Court of the United States. *See* Mot. for Stay of Mandate, *Navarro Carrillo I*, ECF No. 142. The Second Circuit's denial of the petitions for rehearing or rehearing *en banc* do not have a material impact on my analysis because, notwithstanding that denial, the mandate in *Navarro Carrillo I* has still not issued as of this writing. Second, the State Review Officer ("SRO") has decided the plaintiffs' appeal, and the DOE's cross-appeal, in the underlying administrative action. *See* SRO's Decision, Pls.' Mem. of Law in Further Supp. of Pls.' Mot. Ex. A, ECF No. 29-1. The SRO dismissed both the appeal and the cross-appeal. *See id.* at 11. This decision does not bind me; however, to the extent that I find it persuasive in my analysis, I will address it below.

## DISCUSSION

A district court should grant a motion for reconsideration only if the movant "demonstrates that the Court has overlooked factual matters or controlling precedent that were presented to it on the underlying motion and that would have changed its decision[,]" or "to 'correct a clear error or

3

prevent manifest injustice.'" *Regan v. Conway*, 768 F. Supp. 2d 401, 408–09 (E.D.N.Y. 2011) (first quoting *In re Worldcom, Inc. Sec. Litig.*, 308 F. Supp. 2d 214, 224 (S.D.N.Y. 2004), *vacated on other grounds sub nom. In re Worldcom Sec. Litig.*, 496 F.3d 245 (2d Cir. 2007), then quoting *Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc.*, 38 F.3d 1279, 1287 (2d Cir. 1994)). This standard is the same under both Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3 *Id.* at 408 (citing *Alexander v. Turner Corp.*, No. 00 CIV. 4677 (HB), 2001 WL 1098010, at *1 (S.D.N.Y. Sept. 18, 2001)). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Id.* (citing *Devlin v. Transp. Commc'ns. Int'l Union*, 175 F.3d 121, 132 (2d Cir. 1999)). On a motion for reconsideration, a party "may not advance new facts, issues or arguments not previously presented to the court." *O'Brien v. Bd. of Educ.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001) (quoting *Am. All. Ins. Co. v. Eagle Ins. Co.*, 163 F.R.D. 211, 213 (S.D.N.Y. 1995), *rev'd on other grounds sub nom. Am. All. Ins. Co., Ltd. v. Eagle Ins. Co.*, 92 F.3d 57 (2d Cir. 1996)).

Although the plaintiffs are correct to point out that, at the time of my May 19 Decision, Chief Judge McMahon's preliminary injunction order had not been vacated because the Second Circuit's mandate had not issued, my decision to dismiss the complaint was properly based on the rule that the Second Circuit announced in *Ventura de Paulino*. My May 19 Decision reasoned that "Chief Judge McMahon's preliminary injunction has now been vacated." May 19 Decision 3. This statement is imprecise because, although the Second Circuit had issued its opinion and ordered that Chief Judge McMahon's preliminary injunction order be vacated, *see Ventura de Paulino*, 959 F.3d at 537, it had not yet issued the mandate. In fact, as of this writing, Chief Judge McMahon's preliminary injunction order has not been vacated. However, I ultimately dismissed the plaintiffs' complaint for failure to state a claim based on the Second Circuit's holding in

4

*Ventura de Paulino*. *See* May 19 Decision 3–4. Specifically, in *Ventura de Paulino*, the Second Circuit held that, under the IDEA's "stay-put" provision, 20 U.S.C. § 1415(j), "parents who unilaterally enroll their child in a new private school" are not entitled to public pendency funding for that new school, *Ventura de Paulino*, 959 F.3d at 524–25. Rather, parents who unilaterally enroll their child in a new private school "[do] so at their own financial risk." *Id.* at 525. The complaint in this case alleged that the plaintiffs unilaterally enrolled M.G. at iBRAIN. *See* Compl. ¶¶ 11–12, ECF No. 1 (alleging that IHO found that iHOPE was M.G.'s proper educational placement and that plaintiffs subsequently enrolled M.G. at iBRAIN). Therefore, as I concluded in my May 19 Decision, the plaintiffs failed to state a claim on which relief could be granted. *See* May 19 Decision 3–4. I was bound to follow the rule announced in *Ventura de Paulino* regardless of whether or not the mandate had issued. *See Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995) (per curiam) (citing *Wisdom v. Intrepid Sea-Air Space Museum*, 993 F.2d 5, 7 (2d Cir. 1993) (per curiam)) ("A decision of a panel of [the Second Circuit] is binding unless and until it is overruled by the [Second Circuit] *en banc* or by the Supreme Court."); *S.E.C. v. Amerindo Inv. Advisors, Inc.*, No. 05 Civ. 5231 (RJS), 2014 WL 405339, at *4 (S.D.N.Y. Feb. 3, 2014) ("The issuance of the mandate is relevant only to the transfer of jurisdiction from the Circuit to [the district] Court . . . [and] has nothing to do with an opinion's precedential authority[.]"), *aff'd sub nom. S.E.C. v. Amerindo Inv. Advisors*, 639 F. App'x 752 (2d Cir. 2016) (summary order); *In re Down Jones & Co., Inc.*, No. 98 MISC. 8–85 (PKL), 1998 WL 883299, at *3 (S.D.N.Y. Dec. 17, 1998) (reasoning that the principle that a Court of Appeals decision is binding on courts within its jurisdiction "is not changed" by the fact that the mandate would not issue until after disposition of a petition for rehearing); *see also Martin v. Singletary*, 965 F.2d 944, 945 n.1 (11th Cir. 1992) ("The stay of [a] mandate . . . merely delays the return of jurisdiction to the district court to carry out [the circuit

court's] judgment . . . [and] in no way affects the duty of . . . the courts in this circuit to apply now the precedent established[.]"); *Jalapa Shipping Ltd. v. Sundersons Ltd.*, No. 07 Civ. 08715, 2009 WL 4756438, at *1 (S.D.N.Y. Dec. 11, 2009) (declining to reserve decision until after resolution of petition for rehearing in governing circuit case, reasoning that "opinions are frequently appealed and reconsidered" but that "[t]his is hardly a reason not to decide issues founded on established Circuit law[.]").

Because I properly dismissed the complaint, I had no authority to grant the plaintiffs a preliminary injunction order that would have enforced the IHO's pendency order, nor do I have the authority to do so now. *See Madison Square Garden Boxing, Inc. v. Shavers*, 562 F.2d 141, 144 (2d Cir. 1977) ("With the entry of the final judgment, the life of the preliminary injunction came to an end, and it no longer had a binding effect on any one."); Pls.' Br. 6–7; *see also Venezia v. Robinson*, 16 F.3d 209, 211 (7th Cir. 1994) (citing *Cypress Barn, Inc. v. W. Elec. Co., Inc.*, 812 F.2d 1363, 1364 (11th Cir. 1987)) ("A preliminary injunction cannot survive the dismissal of a complaint."); *S.E.C. v. One or More Unknown Purchasers of Sec. of Glob. Indus., Ltd.*, No. 11 Civ. 6500 (RA), 2014 WL 2158507, at *4 n.3 (S.D.N.Y. May 23, 2014) ("Once the case was dismissed, the preliminary injunction was no longer in effect."). Accordingly, I cannot accept the plaintiffs' argument in the alternative, which asserts that I should grant a preliminary injunction ordering the DOE to comply with the IHO's pendency order by funding M.G.'s placement at iBRAIN through May 17, 2020—the day before the Second Circuit decided *Ventura de Paulino*. *See* Pls.' Br. 7.

Finally, although the SRO's decision does not bind me, it is noteworthy that the SRO reasoned that the plaintiffs' "arguments regarding a stay, a request for rehearing en banc, and the finality of the Second Circuit's opinion are not by themselves persuasive reasons to avoid applying

6

the Second Circuit's holding in *Ventura de Paulino*." SRO's Decision 10 n.10. Rather, the SRO based its decision on "the unique confluence of the [plaintiffs'] improper attempts at enforcement in [the administrative] forum" and the fact that, before the IHO, the DOE did not raise an objection to the plaintiffs' contention that iBRAIN was M.G.'s pendency placement. *Id.* at 10, 10 n.10. In fact, the SRO announced that it would "not preclude the IHO from revisiting the issue with the parties if he decides to do so as a matter within his discretion[,]" given the "further guidance" that the Second Circuit has now issued—presumably referring to the *Ventura de Paulino* decision. *Id.* at 10 n.9. Thus, to the extent that the IHO's determination that iBRAIN is M.G.'s pendency placement remains intact for now—it is still subject to change—it so remains based on the "unique" manner in which the parties litigated the matter in the administrative forum and not based on Second Circuit law or the fact that the mandate in *Navarro Carrillo I* has not issued.

## CONCLUSION

Thus, the plaintiffs' motion for reconsideration is denied. I adhere to the judgment dated May 29, 2020.

SO ORDERED.

_____/s/_____
Allyne R. Ross
United States District Judge

Dated:      July 9, 2020
            Brooklyn, New York